**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 30**

Docket No. CH-1221-15-0517-W-1

**Cleophas Bradley, Jr.,**

**Appellant,**

**v.**

**Department of Homeland Security,**

**Agency.**

September 1, 2016

Joyce E. Kitchens, Esquire, Atlanta, Georgia, for the appellant.

Robert Gerleman, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

BACKGROUND

¶2      The appellant is employed at the Federal Protective Service (FPS or the agency) as a GS-14 Deputy Regional Director for Region 5.  Initial Appeal File (IAF), Tab 4 at 16.  The appellant filed a previous IRA appeal alleging that he had been retaliated against for making protected whistleblowing disclosures when

the agency conducted a series of investigations and issued him a letter of counseling. *Bradley v. Department of Homeland Security*, MSPB Docket No. CH-1221-14-0831-W-2, Initial Decision (Feb. 4, 2015). The appellant's prior IRA appeal was dismissed based on a finding that he had not made a nonfrivolous allegation that the agency took a personnel action as defined by 5 U.S.C. § 2302(a)(2). *Id.*

¶3 The appellant filed the current IRA appeal, identifying the same protected disclosures and retaliatory actions, and additionally alleging that he was not selected for the Region 5 Director position in retaliation for whistleblowing disclosures. IAF, Tab 1. The administrative judge issued a show cause order advising the appellant of the jurisdictional requirements for an IRA appeal based on retaliation for protected disclosures under 5 U.S.C. § 2302(b)(8). IAF, Tab 3. She directed the appellant to identify the protected disclosures and personnel actions that were the subject of his IRA appeal and to present evidence and argument establishing a nonfrivolous allegation of jurisdiction. *Id.* at 6-7. The administrative judge granted the agency's motion to stay discovery pending a ruling on jurisdiction. IAF, Tab 16.

¶4 After considering the parties' jurisdictional submissions, the administrative judge issued a decision, without holding a hearing, finding that the appellant failed to make a nonfrivolous allegation of jurisdiction because he had not nonfrivolously alleged that his disclosures were a contributing factor in the agency's decision not to select him for the Director position. IAF, Tab 19, Initial Decision (ID) at 10-13. Applying the doctrine of collateral estoppel, the administrative judge declined to address the appellant's allegations that he was subjected to retaliatory investigations and a retaliatory letter of counseling because those personnel actions were raised in his prior appeal. ID at 7-10.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The appellant also has filed numerous documents relating to his claims as a supplement to his petition for review. PFR File, Tab 2. The agency

has filed an opposition arguing that the appellant's petition does not satisfy the criteria for review.  PFR File, Tab 4.

## ANALYSIS

¶6      The Board has jurisdiction over an IRA appeal based on whistleblower reprisal under the Whistleblower Protection Act (WPA) if the appellant has exhausted his administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegations of the following:  (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personal action.[1]  *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 7 (2016); 5 C.F.R. § 1201.4(s).  Whether allegations are nonfrivolous is determined on the basis of the written record.  *Usharauli v. Department of Health & Human Services*, 116 M.S.P.R. 383, ¶ 19 (2011).  Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction.  *Id.*  The parties do not dispute, and we find no reason to disturb, the administrative judge's finding that the appellant sought corrective action from OSC based on his allegation that he was being retaliated against for whistleblowing disclosures, and he did not receive notice within 120 days that OSC would seek corrective action

---

[1] The Whistleblower Protection Enhancement Act (WPEA) clarified, in relevant part, that a disclosure made to a supervisor or to a person who participated in the activity that is the subject of the disclosure, or a disclosure made during the normal course of duties of an employee are not excluded from 5 U.S.C. § 2302(b)(8). *Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶¶ 18-26 (2013).

on his behalf.[2]    IAF, Tab 1 at 7, 22-24, Tab 4 at 10-41; *see* 5 U.S.C. § 1214(a)(3)(B).

The appellant nonfrivolously alleged that he made protected disclosures.

¶7    A protected disclosure is a disclosure of information that the appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.  5 U.S.C. § 2302(b)(8).  At the jurisdictional stage, the appellant only is burdened with making a nonfrivolous allegation that he reasonably believed that his disclosure evidenced one of the circumstances described in 5 U.S.C. § 2302(b)(8).  *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 8 (2013).  The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the disclosure evidenced one of the circumstances described in 5 U.S.C. § 2302(b)(8).  *Schoenig*, 120 M.S.P.R. 318, ¶ 8.

¶8    The administrative judge found that, by a generous reading of the appellant's OSC complaint, he alleged that he made approximately nine protected disclosures between March 23 and September 2, 2011.[3]  ID at 8.  The appellant

---

[2] The administrative judge also found that, to the extent that the appellant's filings before the Board contained additional alleged whistleblowing disclosures that were not included in the complaint to OSC, they could not be considered because there was insufficient evidence showing that the appellant had exhausted his remedies on those allegations before OSC.  ID at 6-7.  We agree with this finding.

[3] The administrative judge also found that additional alleged disclosures that occurred after the personnel actions at issue could not have been a contributing factor in those personnel actions.  ID at 8 n.2.  We find no reason to disturb this finding on review. *See Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 27 (2011) (finding that disclosures occurring after the personnel actions at issue could not have been contributing factors in those actions).

identified ten disclosures in the complaint he filed with OSC.[4]   IAF, Tab 4 at 16‑32.  The appellant argues that all of the disclosures identified are protected. PFR File, Tab 1 at 4.  He also argues that he cannot address the "deficiencies" in the disclosure that the administrative judge found was not protected because she did not state which disclosure she found not protected.  *Id.* at 5.  After careful consideration of the appellant's OSC complaint, we find that he nonfrivolously alleged that he made the following protected disclosures:

1. An email that the appellant wrote was forwarded by his first-level supervisor to the FPS Director, Deputy Director, and Chief of Staff, in which he reported that ten contract security officers had not received updated suitability determinations in violation of the terms of the contract and FPS policies and procedures, IAF, Tab 4 at 17;

2. On March 30, 2011, the appellant's first-level supervisor disclosed to the FPS Deputy Director that he and the appellant had determined that 224 contract security officers within the Region did not have the appropriate suitability determinations and 172 security officers were improperly working on the regional contracts, *id.* at 18;

3. On May 10 and 18, 2011, the appellant's first-level supervisor disclosed to the Assistant Director of Field Operations that he and the appellant had determined that 224 contract security officers within the Region did not have the appropriate suitability

---

[4] He also stated that his witness interview with OSC regarding his supervisor's complaint was a contributing factor in the agency's decision not to select him for the position at issue.  IAF, Tab 4 at 32.  The appellant was interviewed by OSC on August 9, 2012, and provided OSC with documents on October 11, 2012.  *Id.* at 25. The WPEA went into effect later, on December 27, 2012.  *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 14 (2014), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 1510 (2016).  The IRA appeals rights section of the WPEA as it pertains to the prohibited personnel practices described at 5 U.S.C. § 2302(b)(9)(B)-(C) does not apply retroactively.  *Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 7 (2014).

determinations and 172 security officers were improperly working, *id.* at 18-19;[5]

4. The appellant and his first-level supervisor disclosed to the FPS Director that the March 18, 2011 incident in which an explosive device passed through building security in Detroit was not solely the responsibility of contractors, and Federal employees also appeared to have contributed to the incident, *id.* at 19-20;

5. The appellant disclosed to an Assistant General Counsel that the Director of FPS provided false testimony to Congress, *id.* at 20; and

6. The appellant and his first-level supervisor wrote a memorandum for the FPS Director describing the details of the March 18, 2011 incident in which an explosive device passed through building security in Detroit, detailing their disclosures concerning the investigation of this incident, and stating the possibility of disciplinary action as a result of this incident, *id.* at 22-23.

We find that the appellant nonfrivolously alleged that a reasonable person would have believed that disclosures (1)-(4) and (6) disclosed a violation of law, rule, or regulation, gross mismanagement, and a substantial and specific danger to public health and safety. In addition, we find that the appellant nonfrivolously alleged that a reasonable person would have believed that disclosure (5) disclosed a violation of law, rule, or regulation.

¶9 For the following reasons, we find that the appellant failed to nonfrivolously allege that he made any other protected disclosures. The

---

[5] The appellant describes the alleged May 18 disclosure as a reminder of the May 10 disclosure to the same individual. IAF, Tab 4 at 19. The appellant enumerated them as separate disclosures #3 and #4 in his complaint. *Id.* at 18-19. For purposes of our jurisdictional analysis at this stage of the proceeding, we find that the appellant has made a nonfrivolous allegation that the information disclosed on these dates evidenced a violation of law, rule, or regulation, gross mismanagement, and a substantial and specific danger to public health and safety, and that the agency at least perceived the appellant as a whistleblower based on his supervisor's disclosure of information attributable to the appellant. *See, e.g.*, *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 7 (2013) (stating that one who is perceived as a whistleblower is entitled to the protection of the WPA, even if he has not made protected disclosures).

disclosure the appellant identified as "disclosure #7" describes a meeting in which he and his supervisor disputed the claims of the FPS Director, Deputy Director, and Assistant Director of Field Operations that they were not aware that FPS employees were implicated in the incident involving an explosive device that occurred on March 18, 2011.  IAF, Tab 4 at 22.  The appellant's description of this meeting does not include an allegation of a disclosure of information.  If, as the appellant alleges, the Director, Deputy Director, and Assistant Director of Field Operations already knew that FPS employees were involved in the incident prior to this meeting, then he has not alleged a communication or transmission of information.  An alleged disagreement about what information was known by the attendees, even if proven, could not meet the statutory definition of a "disclosure."  5 U.S.C. § 2302(a)(2)(D).

¶10    In the disclosure that the appellant identified as "disclosure #9," he alleges that the Assistant Director of Field Operations ordered him and his first-level supervisor to shut down their investigation into whether FPS employees committed misconduct in connection with the March 18, 2011 explosive device incident.  IAF, Tab 4 at 23.  The appellant asserts that, in response, he told the Assistant Director of Field Operations that he "was not the fall guy" and asked the Assistant Director of Field Operations to put his directive in writing.  *Id.*  The appellant further contends that his first-level supervisor advised the Director that the instruction to shut down the investigation was "inappropriate."  *Id.*  The appellant's description of his statements does not constitute a nonfrivolous allegation of a protected disclosure.  In his pleadings, the appellant asserts that he was told to shut down the investigation to "cover up" the fact that the FPS Director had provided false testimony to Congress, and that there was "a violation of law, rule or regulation; substantial[,] specific danger to public health or safety, abuse of authority, and gross waste of funds."  *Id.* at 23, 35.  However, he did not allege that he conveyed these concerns to anyone at the time of the events in question.  While the appellant claims that his first-level supervisor told

the Director that shutting down the investigation was "inappropriate," he does not contend that he personally made such a statement. Thus, the appellant's description of the incident he identified as disclosure #9 does not constitute a nonfrivolous allegation that he made a protected disclosure within the Board's jurisdiction.

¶11    The disclosure the appellant identified as "disclosure #10" describes a conference call that he was asked to attend "in silence." IAF, Tab 4 at 24-25. During the call, other agency managers allegedly discussed the improper storage of classified materials by two FPS employees in Region 5, who had missed required annual training on this topic. *Id.* There was some discussion about who was responsible for ensuring that the employees were trained, and the appellant allegedly wrote on a note pad that it was a headquarters, and not a regional, responsibility. *Id.* The alleged difference of opinion concerning a policy, i.e., whether headquarters or the regional office was responsible for ensuring that FPS employees were properly trained, is not a nonfrivolous allegation of a protected disclosure. *See Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 8 (2015) (stating that, even under the expanded protections afforded to whistleblowers under the WPEA, general philosophical or policy disagreements are not protected unless they separately constitute a protected disclosure of one of the categories of wrongdoing listed in 5 U.S.C. § 2302(b)(8)(A)).

The appellant has made a nonfrivolous allegation that his disclosures were a contributing factor in his nonselection for the Director position.

¶12    The appellant argues that the administrative judge erred by finding that he had not made a nonfrivolous allegation that his protected disclosures were a contributing factor in his nonselection for the Director position. PFR File, Tab 1 at 4-6. The administrative judge found that the appellant had failed to nonfrivolously allege that his disclosures were a contributing factor because he had not satisfied the knowledge/timing test. ID at 10-13; *see* 5 U.S.C. § 1221(e)(1). Specifically, the administrative judge found that, because the

members of two panels that reviewed and scored the résumés of applicants for the Director position had no actual knowledge about the appellant's disclosures, the appellant had not met his burden of showing that his disclosures were a contributing factor in the nonselections. ID at 12. The appellant argues that the first selection panel's knowledge is irrelevant, given that the first time the vacancy was announced he was referred to the selecting official and interviewed for the position, and the selecting official had actual knowledge of his protected disclosures. PFR File, Tab 1 at 5. The appellant further argues that the second time the position was advertised, the interviewer and all of the selection panel members had imputed knowledge about his protected disclosures. *Id.*

¶13     To satisfy the contributing factor criterion at the jurisdictional stage of an IRA appeal, the appellant only need raise a nonfrivolous allegation that the fact or the content of the protected disclosure was one factor that tended to affect the personnel action in any way. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 13 (2016). One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*

¶14     The administrative judge stated that the obvious bar to the appellant's claims of reprisal is that he has not alleged that the panel members had actual knowledge of his disclosures. ID at 11. We do not agree. The language of 5 U.S.C. § 1221(e)(1) makes clear that the knowledge/timing test is not the only way for an appellant to satisfy the contributing factor standard, and the legislative history of that statute indicates that the knowledge/timing test is but "one of the many possible ways" to satisfy the standard. *Powers v. Department of the Navy*,

69 M.S.P.R. 150, 156 (1995) (citing S. Rep. No. 622, 103d Cong., 2d Sess. 8 (1994)).

¶15    An appellant can show that a protected disclosure was a contributing factor in a personnel action by proving that the official taking the action had constructive knowledge of the protected disclosure. *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 19 (2014). An appellant may establish an official's constructive knowledge of a protected disclosure by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.* Lack of knowledge by a single official is not dispositive. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 12 (2012). Rather, we must determine whether the agency took a wrongful personnel action against the appellant and whether that action should be corrected. *Id.*

¶16    The appellant alleges that senior agency officials with knowledge about his protected disclosures conspired with others not to select him for the Director position. IAF, Tab 1 at 40-41. At this stage, the appellant can meet his burden of proof without specifically identifying which management officials were responsible for the reprisal. *See Cahill v. Merit Systems Protection Board*, 821 F.3d 1370, 1373-75 (Fed. Cir. 2016). The burden to establish jurisdiction is the appellant's, but, when the personnel action at issue is a nonselection, the evidence concerning who was involved in the selection process, what they knew about the appellant's protected disclosures, and who may have influenced their decision is exclusively within the agency's possession. *See Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 9 (2007) (finding discovery appropriate to obtain materials in the agency's possession that were potentially relevant to an employment practices claim regarding a nonselection for a position). The appellant claims that he was interviewed for the position by the selecting officials, while the agency asserts that the decision not to select the appellant was made by a panel. *Compare* IAF, Tab 1 at 39, *with* IAF, Tab 10

at 28-29. This factual dispute cannot be resolved in favor of the agency in determining whether the appellant has made a nonfrivolous allegation of jurisdiction. *Ingram v. Department of the Army*, 114 M.S.P.R. 43, ¶ 10 (2010) (stating that, in assessing whether the appellant has made nonfrivolous allegations, the administrative judge may consider the agency's documentary evidence; however, to the extent the agency's evidence constitutes mere factual contradiction of the appellant's allegations, the administrative judge may not weigh evidence and resolve conflicting assertions and the agency's evidence may not be dispositive). The appellant further alleges that he was interviewed for the position by the Deputy Director and Director, two managers who were the subject of several of his disclosures, and was told after the interview that the Director "felt as if [he] did not have a proper vision to be in the position." IAF, Tab 4 at 30; PFR File, Tab 1 at 5.

¶17 Given the nature of the personnel action at issue, and reading the appellant's allegations in context with the entire record, we find that he has nonfrivolously alleged that his whistleblowing disclosures were a contributing factor in the agency's decision not to select him for the Director position.

## ORDER

¶18 For the reasons discussed above, we remand this case to the regional office for further adjudication. On remand, the administrative judge shall permit the parties to complete discovery prior to conducting a hearing on the merits.

FOR THE BOARD:

_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.